# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

August 11, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**SCOTTIE D. HEARN,**
**Claimant Below, Petitioner**

**vs.)   No. 15-0792** (BOR Appeal No. 2050024)
                    (Claim No. 990064321)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER,**
**Commissioner Below, Respondent,**

**and**

**LUSK DISPOSAL SERVICE, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner, Scottie D. Hearn, pro-se, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by Noah A. Barnes, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated May 19, 2015, in which the Board affirmed an October 29, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's November 5, 2013, denial of a request to authorize medical treatment for the nose. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Scottie Hearn was injured on April 24, 1999, when a strap from a bungee on a tarp broke, hitting him in the left eye. On May 17, 1999, the claims administrator held the claim compensable for a left eye contusion, and on June 9, 1999, the claims administrator held the claim compensable for left eye hyphema. The first time Mr. Hearn sought treatment for his nose was on October 21, 2002, when he was evaluated by David Harris, M.D. Mr. Hearn provided a history of being hit in the left eye and nose three years ago, losing vision in his left eye, and having left-sided obstruction and facial pain since that time. Dr. Harris diagnosed post-injury nasal obstruction and facial pain and recommended a CT scan of the nose and sinuses. On November 4, 2002, Dr. Harris noted that the CT scan showed a deviated septum with a right concha bullosa. Dr. Harris performed a septoplasty and endoscopic reduction of the right middle turbinate on November 20, 2002.

Mr. Hearn continued to experience problems with his nose. Dr. Harris opined Mr. Hearn needed a septorhinoplasty. This was not a surgery Dr. Harris performed. Therefore, he requested authorization for a referral to A. James Paine, M.D. The claims administrator authorized the referral. Dr. Paine evaluated Mr. Hearn and requested authorization to perform an open nasal reconstruction. On April 16, 2003, Dr. Paine's request for pre-authorization to perform the open nasal reconstruction was denied by the claims administrator. The denial of the request for authorization for surgery was protested. The Office of Judges affirmed the claims administrator's decision on October 28, 2003. It determined that the only compensable injury was to the left eye. The Board of Review affirmed the Office of Judges' decision on September 24, 2004. The Board of Review's decision was not appealed.

On November 5, 2004, the claims administrator entered an Order adding ocular hypertension, unspecified iridocyclitis, congenital monoplegia, hyphema of the iris and ciliary body, and contusion of the eyeball as secondary compensable conditions. On April 6, 2005, the claims administrator corrected the November 5, 2004, Order to remove the diagnosis of congenital monoplegia and add choroidal rupture to the claim.

Mr. Hearn did not seek additional treatment for his nose until October 1, 2013. On that date, Dr. Paine opined Mr. Hearn had essentially the same nasal problem that he had before. He recommended Mr. Hearn have septoplasty and turbinate surgery. The septoplasty and turbinate surgery was performed by Dr. Paine on November 4, 2013. This included bilateral spreadografts, a medial crural support graft, intramural cautery of inferior turbinates, and outfracture of inferior turbinates. On November 5, 2013, the claims administrator entered an Order denying the request for approval of the septoplasty and turbinate surgery due to the fact that the nose and nasal cavity were not compensable components of the claim.

The Office of Judges affirmed the claims administrator's denial of authorization of the septoplasty and turbinate surgery on October 29, 2014. In affirming the claims administrator's decision, the Office of Judges found that there may be evidence that Mr. Hearn's nose was injured on April 24, 1999. However, the nose had not been held a compensable component of his claim. It determined the only compensable conditions recognized were for the left eye. The Office of Judges opined that in order for Mr. Hearn to receive authorized medical treatment for

2

his nose, he must first request that his nose be recognized as a compensable component of the claim

After review, we agree with the reasoning of the Office of Judges and the conclusions of the Board of Review. While there may be evidence that Mr. Hearn's nose was injured on April 24, 1999, the nose has not been accepted as a compensable component of the claim. Because the nose is not a compensable component of the claim, treatment for such was also properly denied.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: August 11, 2016**

**CONCURRED IN BY:**
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING**:
Chief Justice Menis E. Ketchum

Justice Ketchum dissenting:

This matter should have been remanded for a determination of whether any injury to the claimant's nose was a compensable component of the claim. The claimant should not be required to file a separate request seeking a ruling that the nose is a compensable component of the claim. Therefore, I dissent.

3